FILED
United States Court of Appeals
Tenth Circuit

January 16, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE ARDON-LEON,

    Petitioner,

v.

PAMELA J. BONDI,
United States Attorney General,

    Respondent.

No. 25-9539
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.
_____

Pro se Petitioner Jose Ardon-Leon petitions for review of the Board of

Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) final

removal order denying his applications for relief from removal.[1] Exercising

jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Petitioner is proceeding pro se, we liberally construe his filings, but
we "cannot take on the responsibility of serving as [his] attorney in constructing

## I. Background

Petitioner, a native and citizen of El Salvador, entered the United States without proper documentation. Soon after his entry, the Department of Homeland Security commenced removal proceedings against him charging him with removability pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). At the immigration proceedings, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioner requested relief based on past persecution and fear of future persecution on account of his political opinion and membership in a particular social group (defined as "family members of Enrique Ardon Ardon" who was Petitioner's father). Specifically, Petitioner feared harm from a local gang leader and alleged the government was unable or unwilling to protect Petitioner from that harm. Petitioner claims the gang leader killed his father and repeatedly threatened to kill him too. He also claims the gang leader attacked him with a knife.

After a hearing, the IJ sustained the charge of removability and issued an oral decision finding Petitioner credible but denying his applications for relief. Petitioner timely appealed to the BIA.

A single board member of the BIA affirmed the IJ's finding that Petitioner did not establish that the Salvadoran government was "unable or unwilling" to protect

---

arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Petitioner from harm. Observing this ground was dispositive to Petitioner's eligibility for the requested relief, the BIA did not reach any of the IJ's alternative grounds for denying Petitioner's applications. The BIA also concluded that Petitioner did not meaningfully challenge the IJ's stated reasons for denying CAT protection and deemed it waived. The BIA then dismissed the appeal. Petitioner timely filed this petition for review.

## II. Discussion

On appeal, Petitioner challenges the "unable or unwilling" determination, and contends the BIA erred by not addressing (i) whether the harm he suffered rises to the level of past persecution; (ii) whether he will suffer future persecution; (iii) whether there was a nexus between the potential harm he will suffer and his proposed particular social group and political opinion; and (iv) whether his proposed social group was cognizable.

When a single Board member affirms the IJ's decision, we consider only the grounds relied upon by the Board. *Singh v. Bondi*, 130 F.4th 848, 859 (10th Cir. 2025). We may, however, consult "the IJ's more complete explanation of those same grounds." *Htun v. Lynch*, 818 F.3d 1111, 1118 (10th Cir. 2016) (internal quotation marks omitted). We review legal determinations de novo and factual determinations for substantial evidence. *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010). "Under a substantial evidence standard, factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

3

### A. *Asylum and Withholding of Removal*

To be eligible for asylum and withholding of removal an applicant must demonstrate he is a refugee as defined in 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1)(A). A refugee is a person who is unable or unwilling to return to—and unable or unwilling to avail himself of the protection of—his home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" § 1101(a)(42)(A); *Rodas-Orellana v. Holder*, 780 F.3d 982, 986 (10th Cir. 2015). We call these five categories "protected grounds." *Rodas-Orellana*, 780 F.3d at 986 (internal quotation marks omitted).

Persecution occurs when the government, or "a non-governmental group that the government is unable or unwilling to control" inflicts "suffering or harm upon those who differ [on account of a protected ground] in a way regarded as offensive and must entail more than just restrictions or threats to life and liberty." *Ritonga v. Holder*, 633 F.3d 971, 975 (10th Cir. 2011) (internal quotation marks omitted). "[A]n asylum claim based on past, private persecution requires an applicant to prove by a preponderance of the evidence that he or she suffered persecution from private forces that the government was either unable or unwilling to control." *Singh*, 130 F.4th at 860 (internal quotation marks omitted). "For withholding, an applicant must prove a clear probability of persecution on account of a protected ground." *Rodas-Orellana*, 780 F.3d at 987 (internal quotation marks omitted). Thus, "[f]ailure

4

to meet the burden of proof for an asylum claim necessarily forecloses meeting the burden for a withholding claim." *Id.*

Petitioner contends the BIA's "unable or unwilling" determination was error based on the Salvadoran government's failure to respond to the attack. We disagree.

An "unable or unwilling" determination is a fact question. *See Singh*, 130 F.4th at 859-60 ("Whether a noncitizen has proved past private persecution in their home country . . . is a fact question."). The factual evidence "usually falls into two categories: (1) the country's conditions, and (2) the government's response to an asylum applicant's alleged persecution." *Id.* at 860. When analyzing the government's response to persecution, courts consider two types of information: "(1) whether the government stopped or tried to stop the persecutors (that is, whether the police investigated, apprehended, prosecuted, and punished the persecutors), and (2) whether the government offered protection to the applicant, such as by placing the applicant in protective custody." *Id.* Courts also consider whether the government had sufficient notice and an opportunity to respond. *See id.*

The record does not contain evidence that the Salvadoran government is unable or unwilling to protect Petitioner. He testified that after his father's murder, the Salvadoran government arrested and prosecuted the gang leader. Even though the gang leader was acquitted, the record does not support that the acquittal resulted from the Salvadoran government's inability or unwillingness to control the gang leader. And the Salvadoran government's failure to respond to a call after the gang leader attacked Petitioner was due to logistical challenges, not an unwillingness to respond.

5

Besides, he testified that he never sought further police assistance after the attack. And although the country conditions evidence reflects the Salvadoran government has difficulty controlling gangs, this evidence is not sufficient to compel a reasonable adjudicator to conclude contrary to the BIA's unable or unwilling determination.

Whether Petitioner established that the Salvadoran government is unable or unwilling to protect him is dispositive to his claims. *See Singh*, 130 F.4th at 858. Because we affirm the BIA's "unable or unwilling" determination, we need not address Petitioner's remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curium) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

*B. CAT Protection*

To be eligible for CAT protection an applicant must establish that it is more likely than not that he will be tortured in the proposed country of removal, *see* 8 C.F.R. § 1208.16(c)(2), by, or with the acquiescence of, a public official, *id.* § 1208.18(a)(1). An applicant need not demonstrate a nexus between the harm and a protected ground. *Ritonga*, 633 F.3d at 978.

The BIA determined Petitioner did not meaningfully challenge the IJ's dispositive finding that Petitioner did not suffer harm amounting to torture or establish a likelihood of future torture, and deemed the issue waived. Petitioner briefly argues the BIA erred and relies on his father's murder and the Salvadoran country conditions report to establish it is more likely than not that he would be

6

tortured. The government contends that Petitioner did not challenge the IJ's reasoning, and Petitioner does not challenge the BIA's waiver determination.

Because Petitioner waived this issue before the BIA, it has not been exhausted before the agency. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("It is a fundamental principle of administrative law that an agency must have the opportunity to rule on a challenger's arguments before the challenger may bring those arguments to court."), *abrogated in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). We also conclude Petitioner's failure to challenge the BIA's waiver determination in this court precludes appellate review. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

### III. Conclusion

We deny the petition for review.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge